LOBRANO, Judge.
This lawsuit is the result of a collision that occurred at the intersection of Baccich Street and Robert E. Lee Boulevard in the city of New Orleans on December 4, 1978. At approximately 9:00 a.m. on that morning, Irma Adams was operating a vehicle owned by Ella Brumfield in a southerly direction on Baccich Street,[1] while Jody Campbell, defendant-appellant, was driving her automobile in an easterly direction on Robert E. Lee Boulevard. Robert E. Lee Boulevard is a two-way street with only two lanes separated by a neutral ground. It “dead-ends” at its intersection with Bac-cich Street, and thus forms a “T” intersection at that point. There is a stop sign at the corner of Baccich Street controlling traffic entering its intersection with Robert E. Lee Boulevard. Traffic travelling in an easterly direction on Robert E. Lee Boulevard must do one of three things at the *1143 intersection with Baccich; either turn right or left on Baccich, or make a U-turn and proceed in the opposite direction on Robert E. Lee.
At the intersection appellant, Campbell, proceeded to make a U-turn, which really consisted of two left turns, first onto Bac-cich Street, and second onto Robert E. Lee in the opposite direction. As she was completing this maneuver, she collided with ap-pellee, who had proceeded past the stop sign into the “T” intersection on Baccich. Adams filed these proceedings seeking recovery for both personal injuries and property damages as a result of the collision. The trial court awarded judgment in favor of appellee in the total amount of $3,755.65,[2] and appellant has perfected this appeal.
Although appellant raises thirteen specifications of error in her brief, the issues can be categorized into three areas. First is the factual question of whether appellant, ap-pellee, or both were negligent. Second is the question of quantum for the personal injuries received. And third is the legal question of whether appellee is the proper party plaintiff to bring this action for the damages to the vehicle since she was not its owner.

Negligence of the Parties

As the trial court so aptly stated: “This case is purely and simply a question of who was and was not negligent in this accident ... a question of fact.” We are well aware of our obligations in reviewing questions of fact, and must necessarily be concerned with the trial court’s conclusions in that regard. An appellate court must not substitute its own conclusions for that of the trial judge where that tribunal’s decision is sufficiently supported by the evidence.
Appellant contends that the appellee was the sole and proximate cause of the subject accident or at least was guilty of contributory negligence. She argues that the essential basis for this contention rests on three premises brought out during the testimony. First, appellee testified that even though she stopped for the stop sign, she still pulled out into the intersection when she saw appellant stop. Secondly, appellant testified that she was making an uninterrupted U-turn, and in order to do so she went directly around the neutral ground. She claims since Baccich Street has only one lane, that was the only way to execute the turn. Thirdly, the testimony of the investigating officer, as well as his diagram of the vehicles’ position after the accident, clearly show that appellee’s vehicle was turning onto Robert E. Lee rather than going straight on Baccich. We disagree with appellant’s analysis of the evidence. It is necessary that the totality of the witnesses testimony be considered rather than isolated statements. Appellee testified that she pulled into the intersection after coming to a complete stop and only after observing appellant come to a complete stop. Her testimony also indicates that she was careful in her observation of appellant’s actions because she saw her stop twice before she moved from the stop sign into the intersection. She was also observant of a vehicle which apparently was following appellant’s car and which had come to a stop on Baccich Street to let children out for school. Also appellee’s testimony is that she was proceeding straight on Baccich Street and the impact of the collision forced her car to the right thus giving the appearance that she was turning to the right. Even though there is conflicting testimony between the parties as to whether or not appellee stopped for the stop sign, the trial judge believed appellee. We see no manifest error in this conclusion. However, we are well aware that a motorist confronted with a stop sign at an intersection is not only required to come to a complete stop, but must also ascertain that it is safe to proceed. To stop and then proceed in the immediate path of oncoming vehicles constitutes negligence. Audubon Insurance Com *1144 pany v. Knoten, 325 So.2d 624 (La.App. 4th Cir.1976); Roy v. Schneider, 367 So.2d 1314 (La.App. 4th Cir.1979).
We agree with the trial court’s conclusion that appellee did what the law required of her. That is, she stopped at the stop sign, observed the appellant’s vehicle stop once, then stop again and then proceeded into the intersection under the assumption appellant would not proceed further. Appellant on the other hand, testified she expected the appellee to pass to her right, thus requiring appellee to travel on the left side of Baccich St. As stated by the trial court, “This, of course would be contrary to the ordinary and prudent rules of the road.” The testimony and diagram of the investigating officer further substantiates the fact that appellant was in the “wrong lane” upon executing the U-turn. It is abundantly clear to this Court that appellant’s U-turn was, in fact, a series of two left turns. Upon completion of the first left turn unto Baccich Street she should have stayed in the right lane, which would have been proper. Her argument that Baccich had only one lane of travel is without merit, as Baccich is a two way street sufficiently wide enough for two vehicles to pass. The second left turn would have been from Baccich unto Robert E. Lee Blvd. Again appellant would have to be cognizant of the cars travelling in the opposite direction on Baccich before executing her second left turn.
It is well settled that the burden rests heavily on a left turning motorist to explain how the accident occurred and to show that she was free from negligence. Pierre v. Times-Picayune Publishing Company, 363 So.2d 1301 (La.App. 4th Cir.1978). Appellee had the right to assume that appellant would proceed in the correct lane of traffic. It is apparent from the totality of the testimony that there is ample evidence to support the trial court’s conclusions that appellant was negligent.

Damages

Included as an item of damages in the trial court’s judgment is the cost of repairing the vehicle driven by appellee. See footnote 1 supra. The evidence is unquestionable that appellee was not the owner of the vehicle, as it was owned by her aunt. This award has been challenged by appellant in the form of an exception of no right of action which was filed for the first time in this court. Code of Civil Procedure Article 2163 provides as follows:
“The appellate court may consider the preemptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.
* * * *
Appellant objected to the testimony of the vehicle’s owner as to the amount of the damages sustained. She also objected to appellee testifying that she agreed to pay the owner for the damages. Appellant also opposed appellee’s motion to amend the pleadings to conform to the evidence adduced at trial. The basis for all these objections was the fact that appellee was not the owner of the damaged vehicle, and therefore could not sue to recover for same. We hold that appellant, by those actions, has in effect pleaded “no right of action” prior to submission for judgment, and therefore our consideration of same is proper.
The merits of this exception must necessarily depend on the Louisiana law of sub-rogation, for without being subrogated to the owner’s right, no action can be brought unless the plaintiff has a real and actual interest in the claim he asserts. La.C.C.P. Art. 681.
Our Civil Code provides that “Subro-gation to the right of a creditor in favor of a third person who pays him, is either conventional or legal.” La.C.C. Art. 2159. We are convinced that no formal subrogation instrument was executed by the owner of the vehicle in favor of appellant, nor was there any payment made to the owner. Therefore, there can be no conventional subrogation, and we must determine if there is a legal subrogation. Civil Code Article 2161 defines legal subrogation as follows:
*1145 “Subrogation takes place of right:
1. For the benefit of him who, being himself a creditor, pays another creditor, whose claim is preferable to his by reason of his privileges or mortgages.
2. For the benefit of the purchaser of any immovable property, who employs the price of his purchase in paying the creditors, to whom this property was mortgaged.
3. For the benefit of him who, being bound with others, or for others, the payment of the debt, had an interest in discharging it.
4. For the benefit of the beneficiary heir, who has paid with his own funds the debts of the succession.” La.C.C. Art. 2161.
It is clear from the above cited article that in order for a legal subrogation to exist there must be a payment made by the party who is to be subrogated to the rights of another. The appellee admits having paid no one for the property damage, and therefore a legal subrogation cannot exist. We are, therefore, compelled to uphold the exception of no right of action and reverse the award of damages for the automobile. Ap-pellee argues that she is indebted to the owner for the damages because she borrowed her vehicle. This is not true, for she may not be legally obligated to pay same. A party situated in appellee’s position can readily protect herself by obtaining from the owner a conventional subrogation of the latter’s rights, and thus the tort feasor can be made to respond for the direct and foreseeable consequences of his act in a single suit. See Forcum-James Co. v. Duke Transportation Co., 231 La. 953, 93 So.2d 228 (1957); See also, Lambert v. Donald G. Lambert Const. Co., 370 So.2d 1254 (La.1979).
Appellant raises the issue that the transcript is incomplete because the trial judge refused to allow the investigating officer to answer certain questions under a proffer. As a result of the trial judge’s actions, appellant sought writs of certiorari and mandamus to this court. Those writs were granted on July 28, 1981 and the trial judge and court reporter were ordered to include all proffered testimony and evidence in the transcript of this matter. Since the writ was issued after the trial, it would have been necessary to reopen the case and place the police officer on the witness stand in order to obtain his answers to the proffered questions.[3] We have already agreed with appellant’s contention in this regard by granting his writ application, however we hold that the exclusion of the proffered evidence is harmless error. The testimony sought from the police officer concerned the possibility of an obstruction existing on the neutral ground which may have impaired either driver’s vision. However, both drivers testified they saw each other with no visual impairments, therefore the officer’s testimony in that regard would have been of little probative value. Appellant further complains that the trial court erroneously excluded portions of plaintiff’s deposition from the transcript. We have plaintiff’s entire deposition before us as a proffer, and therefore appellant’s complaint is without merit. “When a review of the record indicates that the trial court judgment is correct and that justice has been done, the judgment will not be overturned because of error which did not affect the merits.” Carlton v. Great American Insurance Co., 340 So.2d 678 (La.App. 4th Cir. 1976).
For the above and foregoing reasons the judgment is affirmed in part and reversed in part. Each party shall pay his own costs of this appeal. Costs of the trial court are assessed against appellant.
REDMANN and SCHOTT, JJ., dissent in part with reasons.

. Ella Brumfield, the owner of the vehicle was not a party plaintiff to this suit.

. The award of the trial court is itemized as follows:
Loss wages $189.00
Damage to Automobile 991.65
Mental anguish, pain and suffering and disability 2000.00
Dr. Henry E. Braden 575.00

. At the trial, the judge refused to let him answer.