MADELEINE M. LANDRIEU, Judge.
hThe plaintiffs, Jeffrey Derouselle, Victor Derouselle, and Cornelius Barnett, appeal the trial court’s November 14, 2013 judgment, following a bench trial in which the court found no liability on the part of the defendants. For the reasons set forth below, we affirm the trial court’s judgment.
FACTS
On November 4, 2011, the plaintiffs filed a Petition for Damages against Donny Landry, Enterprise Transportation Com *1232 pany, and National Union Fire Insurance Company for injuries arising out of a motor vehicle accident that occurred on December 10, 2009, in New Orleans, Louisiana. Jeffrey Derouselle was the driver of a Ford Explorer traveling northbound on Elysian Fields Avenue, a three lane road. Victor Derouselle and Cornelius Barnett were passengers in the Ford Explorer. Donny Landry was driving an 18-wheeler traveling in the opposite direction on Elysian Fields, with Jermaine Jasmine, a trainee, riding as his passenger. The collision occurred at some point while Mr. Landry was executing a U-turn from the southbound lanes into the northbound lanes of Elysian Fields.
| .ASSIGNMENTS OF ERROR
The plaintiffs raise the following assignments of error (1) the trial court was legally incorrect in failing to place the burden of proof on the defendant driver, and (2) the trial court was manifestly erroneous in finding no liability on the part of the defendants.
DISCUSSION
1. Burden of Proof
The plaintiffs contend that the trial court erred by failing to place the burden on Mr. Landry, a left-turning driver, to prove that he was not negligent. This argument is misplaced. It is well settled that the initial burden rests heavily on a left-turning motorist to explain how the accident occurred and to show that she was free from negligence. Pierre v. Times-Picayune Publishing Company, 363 So.2d 1301 (La.App. 4th Cir.1978); Adams v. Campbell, 420 So.2d 1141 (La.App. 4th Cir.1982). However, the burden of proof is not at issue here. Mr. Landry argued in the trial court that the accident did not occur during the turn, but that his left turn was completed by the time of the accident and the other driver struck him in the rear. The trial court apparently believed Mr. Landry. In its judgment, the trial court stated, “[t]his Court believes that the defendant has proved the affirmative defense and carried the burden that the tractor trailer had cleared the intersection and that — and had reached the third lane, which was the farthest lane, which would have placed the tractor trailer in the roadway at least 15 to 20 seconds as stated by the defendant.” Accordingly, we find that this assignment of error is without merit.
|32. Liability
The plaintiffs assert in this assignment of error that the trial court committed manifest error by finding no liability on the part of Mr. Landry.
An appellate court may not set aside a trial court’s “finding of fact in the absence of ‘manifest error’ or unless it is ‘clearly wrong,’ and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.” Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). The issue to be resolved is whether the fact finder’s conclusion was a reasonable one after reviewing the record in its entirety. Stobart v. State Through Dept. of Transp. and Development, 617 So.2d 880, 884 (La.1993). Where two permissible views of the evidence exist, the fact finder cannot be manifestly wrong. Rosell, 549 So.2d at 845. Where the factfinder’s conclusions are based on determinations regarding credibility of the witnesses, the manifest error standard demands great deference to the trier of fact, because only the trier of fact can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Rosell, 549 So.2d at 844.
*1233 In the case before us, the plaintiffs presented four witnesses who testified to the events leading up to the collision. One of the witnesses was |4the passenger in the 18-wheeler. The defense presented only the testimony of Mr. Landry, the driver of the 18-wheeler.
Mr. Jeffrey Derouselle testified that he was traveling in the middle lane and that he did not see the 18-wheeler until it made a “quick, fast turn” and hit him, which “swung [the SUV] all the way to the far right.” He testified that he was traveling at 85 mph, the posted speed limit, when the accident occurred, and that the areas of impact were the left front side of his vehicle and the back right side of the 18-wheeler. Mr. Barnett, who was a back seat passenger in Mr. Derouselle’s SUV, testified that he was texting on his phone and did not see the accident occur. The other back seat passenger, Victor Derou-selle, testified that he was not paying attention to the traffic immediately before the accident occurred. He stated that the SUV was traveling in the middle lane, and when he looked up, the 18-wheeler was in front of them.
Mr. Landry testified that he was making a U-turn onto Elysian Fields. While completing the U-turn, Mr. Landry felt a bump and saw, in his rearview mirror, an SUV pulled over on the shoulder. Mr. Landry testified that he was familiar with this area of Elysian Fields because he often took this route as an alternative route to the Highrise Bridge.
Mr. Landry said that there were two cars in front of him waiting to make the U-turn. Prior to making the U-turn, Mr. Landry came to a complete stop twice while each of the cars in front of him executed the U-turn. When it was his turn to make the turn, he stopped and looked down Elysian Fields, but did not see any 1¡¡traffic. After he was eighty-five to ninety percent through the turn, he felt a bump, which he thought was a pot hole in the road. In his rearview mirror, he saw an SUV to the side of the road. Mr. Landry estimated that it would have taken him fifteen to twenty-five seconds to make the turn. Upon examining the vehicles, Mr. Landry noted a scuff mark on the front left side of the bumper of the SUV and scuff marks on one of the tires on his 18-wheeler.
Ms. Jasmine, Mr. Landry’s trainee, testified that she did not see the events leading up to the accident, but that she had told Mr. Landry before the accident occurred that he was driving too fast. She testified that he made the U-turn without looking or stopping. Ms. Jasmine did not remember two cars in front of the 18-wheeler waiting to make the U-turn, nor did she see Mr. Landry stop while each of them turned.
In finding for the defendants, the trial court stated in its judgment:
When I listened to the testimony by the first plaintiff he says — he testified that he never saw the tractor trailer, that he was looking straight ahead, that he didn’t see it. His words were, he didn’t see it but he saw it in the U-turn lane on the other side. He testified that he was not paying attention but he was focusing on the road and going straight ahead. This makes no sense to the Court. If you’re looking straight ahead you should have saw (sic) a tractor....
I basically have three plaintiffs here with three different stories. The second plaintiff says that he was texting and that he saw the truck and it appeared they were trying to avoid the truck, and that the driver was traveling 35 miles an hour.
The third plaintiff says that at least two to three seconds, but the truck was in the right lane. He says the tires had *1234 already reached [the] third lane which bolsters the defendant’s testimony.
When she [Ms. Jasmine] was on the stand she testified that Mr. Landry is reckless yet she never filled out any papers with the company about the defendant’s conduct.... She never witnessed — her testimony was, I didn’t see the accident.
So based upon the testimony, based upon the evidence, based upon the credibility and the law ...
| Whether Mr. Landry, whether he took have (sic) 15 to 20 seconds to make the turn, whether it took two or three seconds, it is of no moment. He had a duty to stop, but the defendant had already executed the turn.
The trial court in this case obviously found Mr. Landry to be more credible than the plaintiffs regarding what happened. Most significantly, the trial court apparently questioned the plaintiffs’ testimony that none of them saw the 18-wheel-er until the moment of impact. The trial court was in the best position to evaluate the credibility of the witnesses; its finding that'Mr. Landry was not at fault in the accident is fully supported by the record. This assignment of error is without merit.
CONCLUSION
For these reasons, the judgment of the trial court is affirmed.
AFFIRMED.