429 So.2d 232 (1983)
Louis J. CUCCIA
v.
Jose CABREJO and the Federal Insurance Company of the Chubb Insurance Company.
No. 82 CA 118.
Court of Appeal of Louisiana, Fifth Circuit.
March 8, 1983.
Rehearing Denied April 18, 1983.
*233 Richard A. Thalheim, Jr., Thibodaux, for plaintiff-appellant.
Charles W. Schmidt, III, Christovich & Kearney, New Orleans, Robert E. Birtel, Metairie, for defendants-appellees.
Before KLIEBERT, BOWES and DUFRESNE, JJ.
KLIEBERT, Judge.
This is a devolutive appeal by Louis Cuccia, plaintiff, from a judgment, after a trial by jury, dismissing his claim for personal injuries sustained when an automobile being driven by Jose Cabrejo, defendant, collided into the Cuccia vehicle. Plaintiff makes the following assignments of error:
1. The trial judge erroneously refused to permit the introduction of opinion evidence as to the cause of the accident from plaintiff's alleged expert in accident reconstruction.
2. The trial judge erred in refusing to give special charges submitted by plaintiff.
3. The interrogatories submitted to the jury were erroneous.
We find the plaintiff's assignments of error are without merit and, hence, affirm the judgment appealed from.
On July 25, 1979, Cuccia made a right hand turn from the south or riverbound traffic lane of Clearview Parkway into the outbound (towards Baton Rouge) traffic *234 lanes of West Esplanade and proceeded on West Esplanade an undetermined distance. Then, while in the process of changing from the right to the left outbound traffic lane of West Esplanade, his vehicle suddenly slowed down or stopped and he was struck in the left rear by the right front of a vehicle being operated by Cabrejo in the left outbound traffic lane of West Esplanade. Following the trial, the jury was given the following interrogatories to answer and answered the first one "No"; thus making it unnecessary to answer the other two:
 JURY INTERROGATORIES
1. Was defendant, Jose Cabrejo, negligent and a
proximate cause of the accident?
 __________________Yes √ No
If your answer is No, stop and proceed no further. If
the answer is Yes, proceed to answer Interrogatory
No. 2.
2. Was plaintiff, Louis Cuccia, contributorily negligent
and a proximate cause of the accident?
 __________________Yes ___________________________No
If your answer is Yes, stop and proceed no further. If
your answer is No, proceed to answer Interrogatory
No.3.
3. What amount of damages is Louis Cuccia entitled
to recover as a result of the accident?
 $ 
We now consider the plaintiff's first assignment of error; i.e., the trial judge's refusal to permit Mr. Ross J. Mocklin, an alleged expert in accident reconstruction, to testify at the trial. The reason given for the refusal was the failure of the plaintiff to timely list Mr. Mocklin as a witness in his pre-trial order, thus depriving the defendant of the opportunity to effect discovery.
The record reflects that a notice and order for a pre-trial conference was issued by the court on November 3, 1981. Contained in the notice and order was a requirement that a pre-trial order be submitted by each litigant prior to the conference which was scheduled for December 10, 1981. The notice and order for a pre-trial conference detailed what was to be contained in each party's pre-trial order and, among others, contained the following:
"...
(3) A list of your witnesses, plus the nature of the testimony of each witness, such as testimony on the facts, medical witnesses, etc.;
(4) A list of possible witnesses, including rebuttal witnesses;"
and contained the following order:
"Discovery should be completed before this pre-trial conference; therefore, except for good cause shown, only listed witnesses will be allowed to testify and only listed exhibits will be admitted in evidence at the trial on the merits."
The pre-trial order filed by Cuccia in December of 1981 did not list Ross J. Mocklin as a witness or possible witness. The pre-trial conference was ultimately held on December 10, 1981. The record indicates that during this conference no mention was made as to the possibility of Mr. Mocklin testifying. Cuccia then filed a supplemental pre-trial order on April 8, 1982 which added the name of Ross J. Mocklin as a possible expert witness.
At the outset of the trial, defense counsel objected to Mr. Mocklin testifying because the failure of plaintiff's counsel to timely list Mr. Mocklin as a witness in his pre-trial order deprived defendant of his right to effect discovery of the expert's testimony prior to the trial. The trial judge maintained defense counsel's objection. Although the trial judge stated that he had signed the supplemental pre-trial order filed by plaintiff, the record does not reflect that the trial judge in fact signed any order authorizing the supplementation. The trial judge also stated that he was unaware Mocklin's name had been included in the supplemental pre-trial order. He believed defense counsel had insufficient notice and time to prepare for the expert's testimony. Additionally, he noted that his original order stated that discovery was to be completed at the time of the pre-trial conference and since neither party mentioned any possible supplementation of witnesses, he set no additional discovery cut off date after the pre-trial conference. Although the trial judge offered counsel for plaintiff the opportunity to proffer the expert witness' testimony, counsel chose not to do so.
Cuccia contends that La.C.C.P. Article 1551 makes mandatory the preparation *235 of a pre-trial order subsequent to the pre-trial conference being held. He alleges that no pre-trial order was prepared by the court and hence there is no binding list of witnesses or possible witnesses which would prevent the testimony of Mr. Mocklin being taken. Although the trial judge did not issue a pre-trial order after the conference, he did issue an order prior to the conference. The order directed that all discovery had to be terminated prior to the conference. It is clear both parties knew of the court's order requiring each party to list his witnesses and the penalty for failure to timely do so, i.e., unless the violating party had good cause for failing to list a witness, the court would not allow the unlisted witnesses to testify. The trial judge's failure to issue a pre-trial order subsequent to the pre-trial conference did not limit his discretion to assess the penalty for failure to list a witness as prescribed by his order of November 3, 1981. Counsel for plaintiff failed to adhere to that order and offered no reason for his failure to list the witness or his failure to call the trial court's attention to his addition of a witness in his supplemental pre-trial order. By waiting to the date of the trial to raise the issue, he chose to take the risk of how the trial judge would exercise his discretion while under the pressure of an imminent trial. Consequently, it is only fair that plaintiff abide by the results caused by his failure and choice. We cannot say, therefore, that the trial judge abused his discretion under the circumstances present in this case.
The plaintiff submitted for the trial judge's consideration in excess of thirty special jury charges. Some were accepted, but most were rejected because the subject matter was sufficiently covered by the charges prepared by the trial judge or because they were inapplicable to the facts of this particular case. In the trial court and here, plaintiff argues the trial court erred in refusing to give the requested specific charges relative to the following:
(1) Strict liability under La.C.C. Article 2317.
(2) Negligence per se for violation of a statute (following too close and failure to yield).
(3) Negligence by inference or presumption (rear end collision).
(4) Negligence under the doctrine of res ipsa loquitur.
(5) Negligence under the doctrine of last clear chance.
Further, he contends the trial judge erred in limiting the interrogatories to the jury to a simple negligence and proximate cause case. Counsel's argument as to error on both counts, i.e., the jury charges and the interrogatories, is grounded in the contention this was a typical rear end collision case. The trial judge concluded it was not and we agree.
In making his charges to a jury, a trial judge is not required to give the precise instructions submitted by either party, but rather, has a duty to charge the jury as to the law applicable to a case and, to accomplish this, has the responsibility to reduce the possibility of confusing the jury. Arnouville v. Joiner Enterprises, 423 So.2d 1246 (La.App., 5th Cir.1982). Further, as was stated by the Fourth Circuit in Brown v. White, 405 So.2d 555 (La.App., 4th Cir. 1981), appellate courts must exercise great restraint before overturning a jury verdict on the suggestion the instructions were so erroneous as to be prejudicial.
The pertinent question involved in making the decision as to error is whether the jury was misled to such an extent as to prevent it from doing justice. In the instant case, the jury was given ample instructions to make the decision that plaintiff caused his own accident by plain, everyday, garden-variety negligence in moving from one lane to the next without making sure the lane he was moving into was clear. The fact that the oncoming vehicle collided into the rear of the plaintiff's vehicle standing alone did not raise inferences or presumptions of negligence in plaintiff's favor. The plaintiff was in the process of making a turn into West Esplanade and had not as yet concluded his entry from the right to the left outbound traffic lane of West Esplanade. Under those circumstances to *236 have charged the jury as requested by the plaintiff would have been misleading and, hence, error. Further, there is no evidence in this case to indicate the possible applicability of strict liability or that the defendant had the last clear chance to avoid the accident. We cannot say, therefore, that the trial judge erred in refusing to give the special charges requested by the plaintiff or for limiting the interrogatories to the jury to simple negligence and proximate cause.
Accordingly, the judgment of the trial court is affirmed. Plaintiff to pay all costs of the appeal.
AFFIRMED.