486 So.2d 271 (1986)
Myrtle Faye ROYLE, Plaintiff-Appellee,
v.
CASUALTY RECIPROCAL EXCHANGE, et al., Defendants-Appellants.
No. 85-214.
Court of Appeal of Louisiana, Third Circuit.
April 9, 1986.
Writ Denied June 6, 1986.
*272 John W. King, and Rick Albright, Baton Rouge, for defendants-appellants.
Robert W. Thomas of Thomas & Hardy, John L. Van Norman, III, Lake Charles, for plaintiff-appellee.
Logan Nichols, Jennings, Onebane & Associates, Dennis Dois, Lafayette, for defendant-appellee.
Before LABORDE and YELVERTON, JJ., and FONTENOT, J. Pro Tem.[*]
YELVERTON, Judge.
This and two other consolidated cases [Royle v. Casualty Reciprocal Exchange, 486 So.2d 276 (La.App. 3rd Cir.1986) and Ryder v. Toyota Motor Sales, Limited, 486 So.2d 277 (La.App. 3rd Cir.1986)] involve a one vehicle accident allegedly caused by a defective highway shoulder. The plaintiffs-appellees are Jean C. Ryder Hobson, the driver of the vehicle, a Toyota Land Cruiser, and Myrtle F. Royle and her son, Terrance Royle, the passengers. The defendant at trial and on appeal is the State of Louisiana, through the Department of Transportation and Development (DOTD).
The accident happened on July 21, 1977. Three suits were filed. The driver, Jean C. Ryder Hobson, originally sued the DOTD, the Jefferson Davis Parish Police Jury and Toyota Motor Sales Company, Limited (Toyota). The petition alleged that the vehicle hit a hole on the shoulder of U.S. Highway 90 causing it to overturn. The petitioner alleged that DOTD and the Jefferson Davis Parish Police Jury failed to maintain or repair the dangerous condition of the shoulder, and further alleged that the vehicle was defective. The passengers, Terrance Royle and Myrtle F. Royle, each filed a separate action naming as defendants Jean C. Ryder, Gerald Hobson, the owner of the vehicle, and his insurer, Casualty Reciprocal Exchange, as well as DOTD, Jefferson Davis Parish Police Jury and Toyota. Myrtle F. Royle also named her uninsured motorist insurer, American Employer Insurance Company, as defendant.
DOTD filed its answers to the suits and pleaded contributory negligence on the part of the driver. It also filed third party demands against Jean C. Ryder Hobson, Gerald Hobson and Toyota.
Before trial the Police Jury was dismissed by summary judgment in all cases. The plaintiffs settled with all the other defendants except DOTD, leaving it as the only defendant at the trial on the merits. At trial, which took place in 1982, DOTD dismissed its third party demand against Jean Ryder Hobson and Casualty Reciprocal. After trial judgment was rendered for the plaintiffs against DOTD. Myrtle F. Royle was awarded $253,945.89 and legal interest; Terrance Royle was awarded $3,500.00 and legal interest; and Jean Ryder Hobson was awarded $6,409.98 and legal interest. DOTD's remaining third party demand was dismissed. The DOTD appealed. We affirm.
Three main issuesall questions of fact and all relating to liabilityare presented by this appeal. They are:
(1) Whether the trial court erred in finding the condition of the shoulder caused or contributed to the accident;

*273 (2) Whether the trial court erred in failing to find Jean C. Ryder Hobson contributorily negligent; and
(3) Whether the trial court erred in failing to find that the Toyota Land Cruiser was defective and that the alleged defects caused or contributed to the accident or at least to the injuries sustained by the occupants.
Although the trial was conducted over five years after the accident, the testimony adequately explains what happened. The scene of the accident and the physical evidence were described by the investigating officer, Louis Hyatt, of the Louisiana State Police. He said that U.S. Highway 90 is a two-lane blacktop highway. The accident occurred 3 miles west of Jennings just past an "S" curve. The speed limit was 55 miles per hour. The weather on the date of the accident was hot and sunny. The right south shoulder had a rut approximately eight to ten feet long, a foot wide and approximately three to four inches deep. The rut was adjacent to the highway. The rut was worn down and had age to it. The vehicle flipped over on the highway and ended up in the north ditch across the highway. The gouge marks left on the road by the vehicle flipping over were on the Jennings side of the rut. The driver told him that the vehicle had left the highway onto the right shoulder, eventually striking the rut causing the vehicle to cut back to the left.
Gil Albanese examined the scene of the accident in August 1977. The length of the rut was 40 steps. The deepest part was eight feet in length, 12 to 14 inches wide and eight inches deep. The rut was located four inches off the paved portion of the highway.
The description of the accident itself was given by the driver and one of the passengers. Jean C. Ryder Hobson, the driver of the vehicle, testified on July 21, 1977 she was driving a Toyota Land Cruiser in an easterly direction on U.S. Highway 90 toward Jennings, Louisiana. After negotiating an "S" turn her two right tires left the pavement of the highway onto the shoulder. She attempted to slow down the vehicle by letting her foot off of the accelerator in order to reenter the highway. Her speed limit was around 40 miles per hour. She held on to the steering wheel and proceeded along the shoulder without attempting to turn the vehicle back on the paved portion of the highway. She did not apply the brakes. At the moment her left rear wheel left the pavement, that wheel went into a hole and the vehicle jerked back to the left causing it to flip over. Mrs. Ryder was thrown out of the vehicle. She never turned the steering wheel to the left, the steering wheel turned to the left when the vehicle hit the hole. Before it hit the hole she had the vehicle under control. Mrs. Ryder had noticed the quick steering of the vehicle several times before the accident. The vehicle would tend to drift off the road. However, she was not sure as to the reason why the vehicle drifted off the road on the date of the accident. She had not been drinking on the date of the accident.
Terrance Royle, a passenger in the vehicle, testified that Jean Ryder Hobson was driving the vehicle while his mother, Myrtle F. Royle, was seated on the passenger's side of the front seat. He was seated in the back seat behind the driver. The vehicle drifted off the road to the right while in the second turn of the "S" curve. The vehicle had not been on the shoulder very long when it dipped down into a hole. At that moment it turned sharply to the left, and then overturned. He estimated the speed of the vehicle at 47-50 miles per hour when the vehicle drifted off the highway. He knew of no problem with the steering.
The other passenger, Myrtle F. Royle, could not remember any details about the accident.
Damaging testimony as to the condition of the shoulder was given by the DOTD maintenance supervisor, I.J. Deshotel, whose job it was to inspect the highways for pot holes and repairs. He inspected U.S. Highway 90 approximately two to three times a week. He submitted inspection reports revealing high and low shoulders in some areas along the highway during *274 July 1977. He estimated that 15 tons of shell were needed to fix the various areas. He considered any rut three inches deep to be dangerous. He had noticed that the shoulder on the south side of the shoulder where the accident occurred was low. However, he knew of no repair work done on that part of the highway. He checked the hole after the accident and estimated that the rut was three inches deep.
Another witness described the rut. Murray Roussell, general contractor and Myrtle Royle's brother-in-law, testified that he arrived on the scene of the accident shortly after it happened. He estimated the rut at five to six feet long, eight to twelve inches wide and eight inches deep.
Paul O'Shea, an expert in vehicle design, accident reconstruction, vehicle dynamics and driver behavior, testified for the DOTD. He was an employee of California Automotive Research and had conducted tests on the Toyota Land Cruiser (not this one) in January 1981. The Toyota Land Cruiser has a short wheel base, narrow tread, and high center of gravity. He had the opinion that the vehicle tends to oversteer, by turning more than the driver wants it to. The vehicle has a tendency to dart due to its short wheel base and low polar moment. Due to these characteristics the vehicle will not respond the same every time and is therefore unpredictable. The vehicle also has a high propensity to roll over, since it has a tendency to get sideways. The vehicle is inherently unsafe especially in the hands of an inexperienced driver. The left side of the vehicle also weighs more than the right, therefore the vehicle is biased to the left. The vehicle would not flip over going 40 miles per hour around a seven degree turn. If the vehicle is proceeding straight ahead, it will not flip over unless it hits something. These were his conclusions about a Toyota Land Cruiser.
He investigated the scene of the accident about five years after the accident. The shoulder had a gradual depression but not a rut or a hole. He opined that the depression did not cause the vehicle to roll over or go out of control, but felt that the driver must have made a very sharp left turn. He thought the defective design of the vehicle caused the vehicle to roll over at that point. He was unable to determine where the vehicle left the highway or reentered the highway. He could not determine precisely what happened on the date of the accident. He felt that the driver allowed the vehicle to wander off the highway. He stated that the vehicle would not roll over if a person were to gradually bring it back to the highway.
After a thorough examination of the record and the testimony as to the issues of causation and negligence we agree with the trial court's excellent written reasons for judgment. We therefore adopt these reasons as our own. The trial court stated as follows:
"Testimony and evidence showed that Jean C. Ryder was operating the vehicle in a safe manner and at a reasonable rate of speed and that she merely inadvertently drifted onto the shoulder of the road. There is no evidence that she steered on to the shoulder and then attempted to steer back left on to the highway suddenly or oversteered as was suggested by the Defendant in its third party claim. The evidence shows that the vehicle struck a hole or rut in the shoulder causing Jean C. Ryder to lose control of the vehicle. Jean C. Ryder was not negligent. Testimony and evidence showed that the hole or rut was at least eight inches deep and one foot wide and two feet long, and that the Louisiana Department of Development and Transportation in Jefferson Davis Parish knew of the hole and were advised it was in need of repair.
"It is well settled that the Department of Transportation and Development has a duty to maintain reasonable safe shoulders on the State's highways, and that this duty encompasses the risk that a driver may inadvertently veer onto the shoulder and attempt to re-enter the paved portion of the highway and lose control of his vehicle due to the unsafe *275 condition of the shoulder. Maxwell v. State of Louisiana through the Department of Transportation and Development 391 S.2d 1230 (La.App., 1st Cir., 1980); Brown v. Louisiana Department of Highways 373 So.2d 605 (La.App., 3rd Cir.1979). In the case of Rue v. State Department of Highways, 372 So.2d 1197 (La.1979), the State Supreme Court used the `but for' analysis to hold that the State of Louisiana was negligent in failing to maintain the shoulder of the road even in light of the substandard conduct of the Plaintiff in inadvertently allowing her vehicle to drift to the shoulder of the road. In the present case, Jean C. Ryder did oversteer in attempting to re-enter the paved portion of the road, but lost control when the wheels of her vehicle struck the hole or rut in the shoulder of the highway. Jean C. Ryder was negligent in no way and her conduct in no way contributed to the accident. The only cause in fact of the resulting accident and injuries was the negligence of the Louisiana Department of Transportation and Development in failing to maintain the shoulder of the State's highways in a reasonably safe condition.
"Jean C. Ryder properly attempted to slow down the vehicle after entering the shoulder of the highway. She was decelerating when she encountered the dangerous condition along the shoulder of the highway. She did not oversteer in an attempt to re-enter the paved portion of the highway. Jean C. Ryder was not negligent and her conduct in no way contributed to the cause of the accident.
"As Third Party Plaintiff, the Louisiana Department of Transportation and Development claimed that the cause of the accident was an apparent design defect which rendered the vehicle involved in the accident unreasonably dangerous in normal use and the negligence of Toyota Motor Sales Company, LTD. Expert testimony showed that the particular type of vehicle involved in this accident has a short wheel base and a high center of gravity which makes it prone to turn over. In order for this vehicle to turn over while being operated in a normal manner it is necessary for some external force to be applied to the steering wheel causing the vehicle to turn first to the right and then quickly to the left. These circumstances result in the vehicle having a tendency to turn over. In the present case, Jean C. Ryder did not turn the wheel either to the right or the left. She continued to drive straight along the shoulder of the road until the time she struck the hole in the shoulder of the road. The impact of striking the hole caused the vehicle to overturn throwing Myrtle Faye Royle and Jean C. Ryder from the vehicle and injuring Terrance Keith Royle.
"The Louisiana Department of Transportation and Development has failed to prove that the design defect in this particular vehicle of the negligence of Toyota Motor Sales Company, LTD. was a cause in fact of this particular accident. Even if a design defect is present, it was not a cause in fact of this accident. The hole on the shoulder of the road caused this accident and the resulting injuries. Therefore, the third party demand of the State of Louisiana against Toyota is dismissed."
DOTD also raises on appeal the further issue that the roof of the Toyota Land Cruiser was defective and that the plaintiff's injuries were enhanced because the roof came off when the jeep overturned. A similar argument was raised by DOTD in Holmes v. State, through the Department of Highways, 466 So.2d 811 (La.App. 3rd Cir.1985), writ denied 472 So.2d 31 (La. 1985). This court in Holmes rejected the defendant's argument because DOTD failed to establish, or attempt to establish that the Jeep was defective due to the roof coming off, or that such circumstance caused an exacerbation of the occupant's injuries. In the present case DOTD made no showing that the roof was defective. Therefore, we reach the same conclusion as was reached in Holmes.
DOTD also argues that the trial court erred in forbidding DOTD from eliciting *276 testimony from Mrs. Hobson regarding steering defects in the vehicle. The only question which was objected to by plaintiff's counsel concerning the alleged steering defect was as follows:
"Q. After the accident, Mrs. Hobson, did you learn that there was something wrong with the steering of the Toyota?"
The trial court sustained the objection on two grounds: first, that the question concerned an event occurring after the accident, and second, that the question would call for a hearsay answer.
The trial court erred in rejecting this testimony, but the error was harmless. The mere fact that a defect is discovered after the accident does not preclude the introduction of evidence as to the defect. In most cases the defect is not discovered until after the accident. Also, the question did not call for a hearsay answer.
However, in view of the testimony of Mrs. Ryder and Mr. O'Shea that the Toyota Land Cruiser did have problems with oversteering or quick steering, it was established that the Toyota had something wrong with its steering. Any response by Mrs. Ryder would have been merely cummulative evidence. The defendant, however, failed to prove by a preponderance that the steering defects in the Toyota caused the accident suffered by the plaintiffs. Therefore, the error was harmless. See Adams v. Campbell, 420 So.2d 1141 (La.App. 4th Cir.1982).
This opinion applies to all three consolidated cases. Separate judgments in the other two are being handed down this date.
For these reasons the judgment of the trial court is affirmed. The defendant, State of Louisiana, through the Department of Transportation & Development, is cast for the cost of this appeal in the sum of $1,081.20.
AFFIRMED.
NOTES
[*] Judge H. Ward Fontenot of the Thirty-Eighth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.