537 So.2d 752 (1988)
Pamela Kay CREEL
v.
S.A. TARVER & SON TRACTOR CO., INC., et al.
No. CA 87 1308.
Court of Appeal of Louisiana, First Circuit.
December 20, 1988.
*753 Elisabeth Ramirez & Robert Anderson, Jr., Covington, Joseph McMahon, Jr., New Orleans, for plaintiff-appellant.
Edward Levert, Jr., New Orleans, Pierre Livaudais, Covington, for defendants-appellees.
Before CARTER, LANIER and LeBLANC, JJ.
LeBLANC, Judge.
The issues presented in this personal injury case concern a requested jury instruction, the exclusion of certain testimony and quantum.

FACTS
On the morning of September 27, 1985, plaintiff, Pamela Creel, was injured in a collision between her automobile and a vehicle driven by David Passman during the course and scope of his employment with defendant, S.A. Tarver & Son Tractor Co. Plaintiff sustained a blow to her chin, a two inch laceration of her lower lip and a blow to her knee in the collision. She was taken to the emergency room at St. Tammany Parish Hospital complaining primarily of pain to her jaw and face. After an examination, she was x-rayed, sutured with five stitches to her lip and released that afternoon. Since the accident, plaintiff has consulted several doctors and dentists regarding complaints of pain to her head, jaw, lip, teeth, chest, back and right knee.
The present suit was filed by plaintiff against Tarver & Son and its insurer, Sentry Insurance, seeking damages for personal injuries, lost wages and medical expenses. After a trial, the jury returned a special verdict awarding plaintiff $20,000.00 for general damages, $7,800.00 for lost wages and $10,408.55 in medical expenses. In accordance with this verdict, the district court rendered judgment in favor of plaintiff, against defendants, in the amount of $38,208.55. Plaintiff has appealed, alleging that the trial court erred in its jury instructions and that the jury verdict was inadequate in several respects.
Before the jury in this case was instructed, plaintiff's attorney requested that the judge include a charge stating that if a victim is in good health before an accident and, after the accident, a disabling injury manifests itself and there is a reasonable medical possibility of a causal connection between the injury and the accident, it is presumed, subject to rebutting evidence, that the accident caused the disabling injury. The trial court agreed to give this charge if the words "reasonable medical possibility" were changed to "reasonable medical certainty". Plaintiff's attorney indicated a preference to omit the charge entirely, rather than agree to this substitution. Consequently, the trial court did not give the requested charge.
The judge in a jury trial is not required to give the precise instructions submitted by either party, but must give instructions which properly reflect the law applicable in view of the facts present. The adequacy of jury instructions must be determined in light of the instructions as a whole. Laborde v. Velsicol Chemical Corp., 474 So.2d 1320 (La.App. 3d Cir. 1985), writ denied, 480 So.2d 738 (1986).
In this case, the trial court did not err in refusing to give the charge requested by plaintiff. The test for determining the causal relationship between an accident and subsequent injuries is whether the plaintiff proved through medical and lay testimony that it was more probable than not that the injuries were caused by the accident. Mart v. Hill, 505 So.2d 1120 (La.1987). The mere possibility of a causal connection is insufficient. Wells v. Allstate Ins. Co., 510 So.2d 763 (La.App. 1st Cir.), writ denied, 514 So.2d 463 (1987).
Finally, even if it was error for the trial court to refuse to give the requested charge, we do not believe such error would *754 be reversible. Appellate courts exercise great restraint in overturning a jury verdict on the basis of erroneous jury instructions. Cuccia v. Cabrejo, 429 So.2d 232 (La.App. 5th Cir.), writ denied, 434 So.2d 1097 (1983). The pertinent inquiry in making such a determination is whether the jury was misled to such an extent as to prevent it from doing justice. Cuccia, supra. The manifest error standard of review may not be ignored unless the instructions were so incorrect or inadequate as to preclude the jury from reaching a verdict based on the law and facts. Laborde, supra.
After examining the jury instructions in their entirety, we believe that they adequately informed the jury of the plaintiff's burden of proving his case by a preponderance of the evidence. We do not believe such error would have been of sufficient gravity to preclude the jury from reaching a verdict based on the law and facts of this case.
Plaintiff also contends that the trial court erred in refusing to allow her to question the medical experts concerning the "reasonable medical possibility" that her injuries were caused by the accident. The trial court sustained defendants' objection to this line of questioning on the basis that the proper inquiry was whether there was any reasonable medical probability of a causal connection between the accident and injuries. We find no error in the trial court's ruling, agreeing that the proper inquiry was whether a reasonable medical probability of causation existed rather than a reasonable medical possibility of causation. The "possibility" of a causal connection is in itself of little probative value. Cf. Wells v. Allstate, supra.
Even if the trial court's refusal to allow this line of questioning was error, we find it was harmless error. From our review of Dr. Bradford's[1] proffered testimony, we do not believe its exclusion was prejudicial to plaintiff because this testimony was basically cumulative. Cf. Royle v. Casualty Reciprocal Exchange, 486 So.2d 271, 276 (La.App. 3d Cir.), writ denied, 489 So.2d 250 (1986). Accordingly, this assignment of error is without merit.
Finally, plaintiff complains that the jury erred in awarding an inadequate amount for general damages, in awarding only a portion of the medical expenses she claimed and in failing to make an award for future medical expenses.
The trier of fact is given much discretion in fixing the amount of damages due. Scott v. Hosp. Serv. Dist. No. 1, 496 So.2d 270 (La.1986); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). This determination will not be disturbed on appeal unless the trier of fact abused its much discretion, and then only to the extent of raising it (or lowering it) to the lowest (or highest) amount which is reasonably within the discretion of the jury. Id.
In this case, plaintiff enjoyed good health and was physically active before the accident. Although she had had prior problems with her knee, she had been asymptomatic for several years prior to the accident. Immediately thereafter, she began having pain and swelling in her right knee, which necessitated an arthroscope on January 2, 1986. Plaintiff is no longer able to participate in physical activities such as jogging and exercising, which she previously had enjoyed. The accident clearly aggravated plaintiff's pre-existing knee condition.
Shortly after the accident, it also became necessary for wire loops to be placed on plaintiff's teeth as a result of the injuries she sustained to her teeth and jaw; these loops were not completely removed until February of 1986. Accordingly, she was restricted to a diet of soft foods for approximately nine weeks. Plaintiff experienced extreme soreness in her jaw and on several occasions experienced episodes of intense pain. In May, 1986, she was prescribed a transcutaneous electric nerve stimulation *755 (TENS) unit to help relieve the pain in her jaw. Although the TENS unit relieved much of her pain, at the time of trial, plaintiff continued to experience problems with pain and locking of her jaw, due to arthritis in the left temporomandibular joint of her jaw, a condition aggravated by the accident.
Additionally, plaintiff also suffered a severe laceration to her lower lip, which was a very painful injury. For a time after the accident, she suffered from headaches, dizziness and nausea, as well as depression because of her inability to resume her former level of physical activity. Plaintiff also sustained a bad bruise of the chest wall, which was sore and caused her pain for several months.
Considering all of the evidence, we conclude that the jury abused its discretion in awarding plaintiff only $20,000.00 in general damages. In view of the particular facts of this case, we find that $30,000.00 was the lowest amount reasonably within the jury's discretion. We therefore increase plaintiff's award for general damages to this amount.
Plaintiff also complains that the jury erred in awarding her only a portion of the medical expenses she incurred relative to her knee and orthodontic problems. We agree. As discussed above, although at least a portion of plaintiff's condition was pre-existent, she was asymptomatic for several years prior to the accident. The record establishes that the claimed medical expenses were necessitated by the injuries she sustained and the aggravation of pre-existing conditions resulting from the accident. Plaintiff is therefore entitled to an additional sum of $5,083.73 for past medical expenses incurred in the treatment of her knee injury and orthodontic problems. The record also establishes that a magnetic resonance imaging test and an arthroscopy, resulting in combined costs of $1,500.00, were recommended as further treatment of plaintiff's temporomandibular joint syndrome.
For the above reasons, we amend the judgment of the lower court to award plaintiff the additional amounts of $10,000.00 for general damages, $5,083.73 for past medical expenses and $1,500.00 for future medical expenses. The judgment is affirmed in all other respects. Appellees are to pay all costs of appeal.
AMENDED AND, AS AMENDED, AFFIRMED.
CARTER, J., concurs.
CARTER, Judge, concurring.
I respectfully submit that although the result reached is correct, I believe that the plaintiff's burden of proof is not as set forth by the majority, but is as set forth in Wisner v. Illinois Central Gulf Railroad, et al., 537 So.2d 740 (La.App. 1st Cir.1988).
NOTES
[1] We note that our review on this issue is limited only to the proffered testimony of Dr. Bradford. Since plaintiff did not proffer the testimony of any of the other doctors, she is precluded from now complaining of the "exclusion" of the other doctors' testimony on this issue. McLean v. Hunter, 495 So.2d 1298, 1305 (La.1986).