hWOODARD, Judge.
This appeal arises from an action to recover costs incurred in a failed attempt to install a gas pipeline.
FACTS
In October 1985, defendant, Riverway Gas Pipeline Company (Riverway), entered into a contract with plaintiff, Drilled Crossings, Inc. (DCI). DCI agreed to install a gas pipeline 50 feet beneath the bed of the Atchafalaya River for Riverway: upon successful installation of the pipeline, Riverway agreed to pay DCI $809,528.00.
In preparing its bid, DCI relied in part upon soil analysis data provided by River-way. Riverway’s analysis extended only to 18 feet beneath the riverbed, not to 50 feet, the depth at which the contract called for the pipe to be placed; nonetheless, the data revealed no significant impediments to drilling. The contract, though, did explicitly forewarn that the soil analysis had not extended to 50 feet, it also stipulated that further studies would be undertaken only at DCI’s expense.
DCI twice attempted to install the pipe, but both attempts were unsuccessful because the drilling equipment became stuck in the grofind. DCI’s request to Riverway for permission to drill nearer the surface was refused. Additional studies |2analyzing the soil to a depth of 98 feet below the riverbed revealed significant concentrations of dense sand and gravel at a level below that of Riverway’s first studies.
Subsequently, DCI asked Riverway to release it from its contractual responsibilities because “non-drillable” gravel prevented it installing the pipe at the depth required by the contract; Riverway, in the sequel, placed DCI in default and entered into a new contract with Spie Horizontal Drilling, Inc. (Spie) to install the pipe 35 feet beneath the riverbed. Spie failed in its first attempt but eventually succeeded in placing the pipe at 35 feet.
DCI then sued Riverway for $476,518.65, the costs it incurred pursuant to the contract with Riverway; and, alternatively, for quantum meruit, on the grounds that its performance had become impossible as a result of an unforeseeable event, and, therefore, the contract should be dissolved. The trial court refused to instruct the jury regarding recovery of DCI’s costs, as requested by DCI, but did give a charge regarding quantum meruit. The jury awarded DCI $80,688.85, representing the contract price of pipe work done by *185 DCI’s subcontractor, and, in response to specific jury interrogatories, found that the contract was impossible to perform and that the impossibility was not due to conditions of which DCI had assumed the risk.
DCI now appeals, asserting that the trial court erred in failing to instruct the jury regarding recovery of costs and in failing to present the jury with an interrogatory requesting a finding on this issue.
LAW
A trial court should give all requested instructions that correctly state the law, provided that they are material and relevant to the litigation. Lincecum v. Missouri Pacific R. Co., 452 So.2d 1182, 1191 (La.App. 1 Cir.), writ denied, 458 So.2d 476 (La.1984). Courts are not obligated to give the specific jury instructions submitted by the parties, Doyle v. Picadilly Cafeterias, 576 So.2d 1143, 1152 (La.App. 3 Cir.1991), but omission of a requested instruction containing an essential legal principle may constitute reversible error, Evangeline Farmers Co-op. v. Fontenot, 565 So.2d 1040, 1045-46 (La.App. 3 Cir.1990). A court has fulfilled its duty if its instructions fairly and reasonably point out the issues presented by the pleadings and evidence and provide the principles of law necessary to resolve those issues. Crooks v. National Union Fire Ins. Co., 620 So.2d 421, 424 (La.App. 3 Cir.), writ denied, 629 So.2d 391, 392 (La.1993).
An appellate court must exercise great restraint before overturning a jury verdict on the basis of erroneous instructions. Creel v. S.A. Tarver & Son Tractor Co., 537 So.2d 752, 754 (La.App. 1 Cir.1988). Consequently, we will overturn the jury’s verdict in the case sub judice on the basis of such an error only if the instructions, taken as a whole, were so incorrect or inadequate as to preclude the jury from reaching a verdict based on the relevant law and facts. Laborde v. Velsicol Chem. Corp., 474 So.2d 1320, 1324-25 (La.App. 3 Cir.1985), writ denied, 480 So.2d 738 (La.1986). Ultimately, the pertinent inquiry is whether the jury was misled to such an extent as to be prevented from doing justice. Creel, 537 So.2d at 754.
DCI sought to introduce the following jury instruction: <rWhen the entire perfor-manee owed by one party has become impossible because of a fortuitous event, the contract is dissolved and the contractor may then recover any performance he has already rendered.” La.Civ.Code art. 1876 (emphasis added).
DCI claims that the requested instruction was based on La.Civ.Code art. 1876, but it is clearly a misreading of that codal article, which is apparent when the article is quoted: “When the entire performance owed by one party has become impossible because of a fortuitous event, the contract is dissolved. The other party may then recover any performance he has already rendered.” La.Civ. Code art. 1876 (emphasis added).
Thus, article 1876 permits DCI to dissolve the contract due to a fortuitous event. A fortuitous event is one that, at the time the contract was made, could not have been reasonably foreseen. La.Civ.Code art. 1875. Although the lower court cannot be said to have been clearly wrong in finding that the gravel DCI encountered constituted a “fortuitous event,” DCI is not entitled to recover its costs under article 1876, because that article, by its clear and unambiguous language, allows recovery only to the “other” party, which is, in the case here, Riverway, not DCI. Article 1876 simply does not provide an obligor, such as DCI, with any means of recovery under a contract dissolved as a result of impossibility of performance. Thus, the trial court properly refused to give the instruction.
Recovery by DCI, the party whose performance became impossible, is addressed by La.Civ.Code art. 1878: “If a contract is dissolved because of a fortuitous event that occurred after an obligor has performed in part, the obligee is bound but |4only to the extent that he was enriched by the obligor’s partial performance.” The trial court’s instruction regarding DCI’s ability to recover against Riverway was a verbatim reading of Article 1878, and consequently the charge fairly and adequately addressed the issue.
Although we have found no case directly on point, and the parties have brought none to our attention, the statutory law is explicit and unambiguous and its application leads to no absurd consequences; hence, no further *186 interpretation may be made in search of the intent behind the law. La.Civ.Code art. 9. However, we note that our decision comports with learned doctrine. See Saul Litvinoff, The Law of Obligations, Sections 16.61,16.68, at 553-54, 555-56, in 6 Louisiana Civil Law Treatise (1992).
Thus, it is clear that the trial judge committed no error in charging the jury in the case sub judice. Article 1878, not article 1876, is the applicable law, and the judge’s instructions correctly stated that law as it applied to the facts and issues. Furthermore, taken as a whole, his instructions were not so incorrect or inadequate as to preclude the jury from reaching a verdict based on the relevant law and facts, nor was the jury misled to such as extent as to be prevented from doing justice.
Our decision regarding DCI’s requested jury instruction renders moot DCI’s assignment of error asserting that the trial court erred by failing to give a jury interrogatory corresponding to the instruction.
CONCLUSION
For the foregoing reasons, we affirm the decision of the trial court. Costs of this appeal are assessed against appellant, Drilled Crossings, Inc.
AFFIRMED.