hLABORDE, Judge.
Plaintiffs appeal a jury verdict rendered unanimously in favor of defendants, finding defendants, an electrician and his insurer, not at fault in a fire that damaged the home of plaintiff Jacquetta Hall Smith. After a review of the record, we affirm, finding no reversible error committed by the trial court.
*174 FACTS
On November 24, 1985, at approximately 9:00 a.m., a small fire began in the attic of Jaequetta Hall Smith’s home in Lafayette, Louisiana. The Lafayette Fire Department quickly extinguished the fire. They subsequently disconnected electrical service to the home, advising Smith that an electrician should repair the damages to the wiring before the electricity was reconnected.
Smith called Steward Comeaux of AMI-Electrieal and Hoist Service in Lafayette. Comeaux, a licensed electrician in Lafayette, made repairs and reconnected the electricity in the Smith home.
On the same day, between 6:30 and 7:00 p.m., after Comeaux completed his repairs, a second fire began in the Smith home, also in the attic. This second fire caused over $90,-000 in damages to the Smith home.
Plaintiffs, Jaequetta Hall Smith and her insurer, Aetna Life hand Casualty Co, filed suit against: the electrician, Steward Co-meaux, d/b/a AMI-Electrical Hoist Service, and its insurer, Scottsdale Insurance Company; the manufacturer of an allegedly defective circuit breaker, Federal Pacific Electric Company, and its insurer, The Kemper Group; and the manufacturer of another allegedly defective circuit breaker, Reliance Electric Company.
Plaintiffs subsequently dismissed the manufacturers and their insurers with prejudice, believing the circuit breakers were not defective and had functioned properly in the Smith home.
On December 2, 1992, a jury of six rendered a verdict in favor of the other defendants. Plaintiffs subsequently filed a “Motion for Judgment Notwithstanding the Verdict, or, in the Alternative, a New Trial,” which was denied by the trial court.
Plaintiffs appeal, alleging four assignments of error:
1. The jury was clearly wrong in failing to apply the doctrine of res ipsa loquitur;
2. The trial court was clearly wrong in denying plaintiffs’ motion for Judgment Notwithstanding the Verdict, or in the alternative, a New Trial;
3. The trial court was clearly wrong in accepting Dr. Leonard Adams as an expert electrician; and
4. The trial court was clearly -wrong in failing to charge the jury with several of plaintiffs requested jury instructions.
ASSIGNMENT OF ERROR NUMBERS ONE AND TWO
In plaintiffs’ first and second assigned errors, plaintiffs contend that the jury erred in refusing to apply the doctrine of res ipsa loquitur to the instant case, which they claim entitled them to a Judgment Notwithstanding the Verdict or, at a minimum, a new trial as a matter of law.
Plaintiffs contend that only three possibilities exist as to the cause of the second fire: (1) arson; (2) reignition of the first fire; or (3) an act or omission of Steward Comeaux. Plaintiffs claim that the first two possibilities were ruled out at trial. The fire department ruled out arson as an accepted possibility, and the Smiths had no motive to commit arson since all of their worldly possessions were consumed in the fire. The second possibility was also ruled out by the district fire chief, Iswho testified that the first fire had been completely extinguished before the fire department left that morning. Additionally, electrician Comeaux testified that the first fire left no smoke or glowing embers.
Plaintiffs insist that the remaining option, that the fire was caused by an act or omission by Comeaux, is the only logical explanation for the cause of the second fire.
Res ipsa loquitor, i.e., the thing speaks for itself, is a rule of circumstantial evidence which allows a court to infer negligence on the part of the defendant if the facts indicate that the defendant’s negligence is the probable cause of the accident, in the absence of other equally probable explanations offered by credible witnesses. Spott, supra; Cangelosi v. Our Lady of the Lake Regional Medical Center, 564 So.2d 654 (La.1989). It does not dispense with the rule that negligence must be proven, but gives the plaintiff the right to place on the scales, “along with proof of the accident and enough of the attending circum *175 stances to invoke the rule, an inference of negligence” sufficient to shift the burden of proof. Cangelosi; supra; Montgomery v. Opelousas General Hospital, 540 So.2d 312 (La.1989). Generally, res ipsa obtains when the following criteria are met:
(1) The circumstances surrounding the accident are so unusual that, in the absence of other pertinent evidence, there is an inference of negligence on the part of the defendant;
(2) The defendant had exclusive control over the thing causing the injury;
(3) The circumstances are such that the only reasonable and fair conclusion is that the accident was due to a breach of duty on the part of the defendant.
Spott, supra, at 1362-63.
Lantier v. Aetna Cas. & Sur. Co., 614 So.2d 1346, 1352[1] (La.App. 3 Cir.1993). Further, we note that where the exact origin of a fire cannot be proven and the plaintiff presents sufficient evidence, either direct or circumstantial, excluding all other reasonable hypotheses except the defendant’s fault, the burden shifts to the defendant to prove otherwise. Valiant Ins. Co. v. City of Lafayette, 574 So.2d 505 (La.App. 3 Cir. 1991).
In the present case, plaintiffs failed to sustain the third factor in the burden of proof required for res ipsa loquitur. Plaintiffs did not exclude all other reasonable hypotheses for the cause of the fire except Comeaux’s negligence. Several theories were raised at trial concerning the origin of the fire by the expert witnesses, and neither expert was able to say with any certainty that one possibility was more likely than another.
Res ipsa loquitur is inapplicable. Because no one hypothesis for the cause of the second fire was found to be stronger than any other, we cannot say that the only reasonable and fair conclusion is that the second fire resulted from defendant’s negligence.
Plaintiffs’ expert, Wilbur Allain, was unable to reach a conclusion as to where and how the fire started. Allain testified that he could not conclude that the second fire started in the junction box on top of the hot water heater, although it was a reasonable possibility. Allain stated that a number of things could have caused a fire in the junction box on top of the water heater: improper installation of the wire nuts; malfunction of a thermostat in the water heater; wiring leading into the junction box of strength unequal to withstand the load it was carrying, or possessing “nicked” insulation. Further, he acknowledged that it was possible that the fire may have started somewhere other than in the junction box on top of the water heater.
Defendants contend that the problems existed in plaintiff Smith’s house before Co-meaux ever arrived, as there was evidence of burning and flashing in plaintiffs attic at least twice in the year before the fire; additionally, a fire occurred before Comeaux had ever worked on the wiring. Defendants’ expert, Dr. Leonard Adams, specifically excluded negligence by Steward Comeaux as a cause of the fire. He additionally testified that he did not believe that the first fire was caused by the hot water heater or created a problem for the hot water heater. Adams stated that he too would have merely repaired the damaged wiring leading to the hot water heater, as there was no damage to the hot water heater isitself. Adams rejected the possibility that the thermostats or heating elements were working simultaneously, generating heat to cause a fire.
Clearly, the experts did not suggest that defendant’s negligence was the only or most likely cause of the second fire at the Smith home. Therefore, the jury did not err in not applying the doctrine of res ipsa loquitur, as the facts presented at trial did not warrant such an application.
ASSIGNMENT OF ERROR NUMBER THREE
In their third assigned error, plaintiffs claim the trial court was clearly wrong in accepting Dr. Leonard Adams as an expert electrician. At the time of trial, Dr. Adams was the former head of the Electrical Engineering Department of Louisiana State University.
*176 Plaintiffs contend that Dr. Adams may be an expert in electrical engineering, but is not an expert electrician. Dr. Adams testified that he had worked as an electrician during the summer of 1942, 50 years prior to trial. Besides that period, Adams never worked as an electrician. Plaintiffs claim that the distinction between the two fields is important. An electrical engineer may be competent to testify about electrical theory, design and structure, but is not necessarily competent to render opinions regarding the duty of an electrician, or what a reasonable electrician should do under various circumstances.
Plaintiffs object to questions asked of Adams concerning what an electrician would have done under the circumstances. LSA C.E. art. 702 allows experts to testify when scientific, technical or other specialized knowledge will assist the trial court to understand the evidence or to determine a fact in issue if the witness is qualified as an expert by “knowledge, skill, experience, training or education.” The trial court has great latitude in determining whether a person possesses the requisite background and experience to be considered as an expert. Glankler v. Rapides Parish School Board, 610 So.2d 1020, 1026 (La.App. 3 Cir.1992), writ denied, 614 So.2d 78; Pearce v. Power and Telephone of Kentucky, 533 So.2d 46 (La. App. 3 Cir.1988).
At trial, Dr. Adams testified that during his career he had worked as an electrician and as an electrical engineer. He further stated that in his capacity as head of the Electrical Engineering Department at LSU, he supervised a staff of three electricians who maintained the building. He also stated that he had been qualified as an expert at least 40 times during his career, including cases involving origins of fires. On traversal, Adams stated that although he has not been an electrician per se for some 50 years, he has had a great deal of hands-on experience in electrical work.
The trial court accepted Dr. Adams as an expert electrical engineer and electrician, basing its ruling on his work as an electrician, his supervision of electricians, and his testimony that he knows “the game” concerning hands-on electrical work. Generally, an appellate court places great weight on a trial court’s ruling on relevancy of evidence, and such a ruling will not be reversed on appeal unless there has been a clear abuse of discretion. Pearce, supra, at 53. Based on the testimony of Adams as to his experience, we find no abuse of discretion on the part of the trial court in accepting Adams as an expert as both an electrical engineer and as an electrician.
ASSIGNMENT OF ERROR NUMBER FOUR
Plaintiffs’ final assigned error concerns the trial court’s refusal to give certain jury instructions that were requested by plaintiffs. Plaintiffs contend that requested jury charges numbers two and three would have addressed the disparity of knowledge and expertise between plaintiff and defendant.
Plaintiffs argue that although the actual charge given by the trial court did contain language regarding res ipsa loquitur and circumstantial evidence, it did not address the disparity in knowledge and expertise between plaintiff and defendant.
hit is settled law in Louisiana that a jury verdict must be set aside and given no weight if the jury received erroneous or inadequate instructions as to the law applicable to the case. Thus, if jury instructions contain inapplicable law, omit or misstate applicable law, or through other errors can be said upon a fair reading by an appellate court to be inadequate, confusing, or misleading as to the proper principles of applicable law from the perspective of a lay juror, then the trial judgment cannot stand.
Fontenot v. Hanover Ins. Co., 473 So.2d 145, 147 (La.App. 3 Cir.), writ denied, 475 So.2d 1109, 1110 (La.1985) (citations omitted).
Adequate jury instructions are those which fairly and reasonably point up the issues and which provide correct principles of law for the jury to apply to those issues. The adequacy of jury instructions must be determined in light of the jury instructions as a whole. Evangeline Farmers Cooperative v. Fontenot, 565 So.2d 1040 (La.App. *177 3d Cir.1990); Kaplan v. Missouri-Pacific Railroad Co., 409 So.2d 298 (La.App. 3d Cir.1981). The trial judge is under no obligation to give any specific jury instructions that may be submitted by either party; he must, however, correctly charge the jury. Oatis v. Catalytic, Inc., 433 So.2d 328 (La.App. 3d Cir.), writ denied, 441 So.2d 210, 215 (La.1983). An appellate court must exercise great restraint before overturning a jury verdict on the suggestion that the instructions were so erroneous as to be prejudicial, Cuccia v. Cabrejo, 429 So.2d 232 (La.App. 5th Cir.), writ denied, 434 So.2d 1097 (La.1983).
Calhoun v. Federated Rural Elec. Ins., 571 So.2d 672, 678 (La.App. 3 Cir.1990), writ denied, 577 So.2d 14 (La.1991) (citations omitted).
We find no such error here. The language in plaintiffs proposed jury instructions which plaintiffs believe should have been included in the jury instructions provided as follows:
PROPOSED JURY INSTRUCTION NO. 2
ls“[The application of the doctrine of res ipsa loquitur ] is appropriate in a case where the plaintiff cannot be expected to have any information as to the causes of the accident, whereas the defendant, on the contrary, must be assumed to be fully informed on the subject, and further where the accident is of the Mnd which ordinarily does not occur when due care has been exercised. In such a case the plaintiff need neither allege nor prove the particular acts of omission or commission from which the accident resulted. The accident itself, according to the rule, creates an inference of negligence, and to escape liability the defendant must rebut and overcome the inference”.
PROPOSED JURY INSTRUCTION NO. 3
“Although the general rule of law is that a plaintiff who claims damages must allege and prove the facts necessary to establish the negligence of defendant, upon which he predicates his demand, it is equally a well-recognized exception to that general rule that, where the cause of the accident by which damage was inflicted is more properly within the knowledge of the defendant, the accident itself makes out a prima facie case, and the burden is upon the latter to show absence of negligence.”
The trial court did not err in failing to give these instructions to the jury, as the instructions actually given encompassed the correct standards regarding res ipsa loquitur and circumstantial evidence. Lantier, supra.
CONCLUSION
Owing largely to the history of the house’s electrical system and the conflicting testimony, we find no error committed by the trial court which warrants a reversal of the judgment rendered in favor of defendants.
DECREE
The judgment of the trial court is affirmed. Costs assessed to plaintiffs-appellants.

. Spott v. Otis Elevator Co., 601 So.2d 1355 (La. 1992).