**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**19-915**


**MOHAB SAID**

**VERSUS**

**FEDERATED RURAL ELECTRIC INSURANCE**

**EXCHANGE, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. C-2013-0786-A
HONORABLE MARTHA ANN O'NEAL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN D. SAUNDERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.


**AFFIRMED.**

Jeffrey A. Mitchell
Monica C. Sanchez
Hugo L. Chanex
The Cochran Firm – New Orleans
3850 N. Causeway Blvd., Suite 1500
Metairie, LA 70001
(504) 309-5000
COUNSEL FOR PLAINTIFF/APPELLANT:
    Mohab Said

Charles S. Jones
Charles A. Sam Jones, III, Inc.
105 N. Stewart Street
Deridder, LA 70634
(337) 463-5532
COUNSEL FOR PLAINTIFF/APPELLANT:
    Mohab Said

Andy Dupre
Gary M. Carter Jr.
Carter Dupre LLP
2401 Westbend Parkway
Suite 3070
New Orleans, LA 70114
(504) 459-2309
COUNSEL FOR PLAINTIFF/APPELLANT:
    Mohab Said

Kenneth R. Spears
Claudia H. Gary
Jeffery D. Fruge
Spears & Gary, LLC
One Lakeshore Drive, Suite 900
Lake Charles, LA 70629
(337) 513-4333
COUNSEL FOR DEFENDANT/APPELLEE:
    Federated Rural Electric Insurance Exchange
    Beauregard Electric Cooperative Inc.

**SAUNDERS, Judge.**

This case involves an appeal from the verdict of a personal injury jury trial wherein the plaintiff recovers for some, but not all, injuries he allegedly sustained in an automobile accident. The plaintiff alleges errors by the trial court in denying his request for his treating physicians to testify as experts based on the pretrial order, allowing violations of the collateral source rule, and issuing erroneous and conflicting jury instructions. Further, the plaintiff asserts error by the jury in failure to award full past medical expenses.

## FACTS AND PROCEDURAL HISTORY:

On December 30, 2011, Mohab Said (Said) was riding in the rear passenger side of a Ford Focus car. As it was traveling through Elizabeth, Louisiana, the Focus was struck on the rear passenger side by a truck owned by Beauregard Electric Cooperative.

Said visited several local physicians after the accident and was diagnosed with a brain injury by two physicians while a third ordered an MRI to be performed. The third physician was unable to find anything unusual on the MRI results.

Thereafter, Said moved to Washington, D.C. where, in 2014, he began treatment with Dr. Macedo. Another MRI was ordered that indicated a white matter spot on the frontal lobe of Said's brain. Dr. Macedo then referred Said to a neuropsychologist who found cognitive impairments. In 2015, the Veterans Administration (VA) declared Said disabled with a brain injury.

In December of 2012, Said sued the Beauregard Electric Cooperative, its insurer Federated Rural Electric Exchange, and Jimmy Ray Craft, the driver of the truck, for pain and suffering, mental anguish, past and future medical expenses, lost wages, loss of earning capacity, loss and impairment of life's pleasures, and

disability. Craft was later voluntarily dismissed, and the case proceeded against the electric co-op and its insurer (collectively "defendants").

After various discovery, a trial date was set and the trial court entered a pre-trial order directing the parties to file a witness list, which included a requirement that the parties designate their witnesses as lay witnesses or expert witnesses. Said designated some of his physicians as both treating physicians and experts, but others only as treating physicians. Based on the differing designations, defendants filed a motion in limine to limit the testimony of the physicians not labeled as experts. The trial court granted the motion, and, thereafter, at trial, limited the testimony of those physicians labeled only as "treating physicians" to testimony as to the diagnosis at the time of treatment.

Said also filed pretrial motion in limine to exclude evidence that he received VA disability. The trial court granted only part of the motion, allowing Said's status as disabled to be introduced, but not that Said received disability benefits.

Near the beginning of the trial, the trial court advised the jury that instructions on the law would be given at the end of the trial and that part of a jury's duty is weigh each witnesses' testimony, whether they are lay person, a doctor that's a treating physician or an expert. At the end of the trial, the trial judge gave the jury instruction that the testimony of a treating physician is to be given greater weight.

After the trial and deliberations, the jury awarded Said $42,428.00, which included $20,000.00 for pain and suffering, $10,000.00 for mental anguish and suffering, and $12,428.00 for past medical expenses. The jury awarded nothing for future medical expenses, lost wages, loss of earning capacity, loss of enjoyment of life, and permanent disability. Said then filed this devolutive appeal alleging four assignments of error.

## ASSIGNMENTS OF ERROR:

**[1].** The district court abused its discretion in refusing to qualify the plaintiffs' local treating physicians as experts and limiting their testimony.

**[2].** The district court abused its discretion, and violated the collateral source rule, in admitting evidence that the plaintiff was on disability from the VA.

**[3].** The district court legally erred in issuing erroneous and conflicting jury instructions on the weight of the testimony of the treating physicians.

**[4].** The jury committed manifest error in failing to award the plaintiff his full past medical expenses as shown by his medical bills.

## ASSIGNMENT OF ERROR NUMBER ONE:

In his first assignment of error, Said argues that the trial court abused its discretion in refusing to qualify his local treating physicians as experts and limiting their testimony. We find merit to this assignment.

"A district court is accorded broad discretion in determining whether expert testimony should be held admissible and who should or should not be permitted to testify as an expert." *Cheairs v. State Dep't. of Transp. and Dev.*, 03-680, p. 6 (La.12/3/03), 861 So.2d 536, 541. Likewise, a trial court has discretion regarding issuing a pretrial order and how strictly to adhere to that pretrial order under La.Code Civ.P. art. 1551.

Louisiana Code of Civil Procedure article 1551 states:

A. In any civil action in a district court the court may in its discretion direct the attorneys for the parties to appear before it for conferences to consider any of the following:

(1) The simplification of the issues, including the elimination of frivolous claims or defenses.

(2) The necessity or desirability of amendments to the pleadings.

(3) What material facts and issues exist without substantial controversy, and what material facts and issues are actually and in good faith controverted.

3

(4) Proof, stipulations regarding the authenticity of documents, and advance rulings from the court on the admissibility of evidence.

(5) Limitations or restrictions on or regulation of the use of expert testimony under Louisiana Code of Evidence Article 702.

(6) The control and scheduling of discovery including any issues relating to disclosure or discovery of electronically stored information, and the form or forms in which it should be produced.

(7) Any issues relating to claims of privilege or protection of trial preparation material, and whether the court should include agreements between counsel relating to such issues in an order.

(8) The identification of witnesses, documents, and exhibits.

(9) The presentation of testimony or other evidence by electronic devices.

(10) Such other matters as may aid in the disposition of the action.

B. The court shall render an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel. Such order controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice.

C. If a party's attorney fails to obey a pretrial order, or to appear at the pretrial and scheduling conference, or is substantially unprepared to participate in the conference or fails to participate in good faith, the court, on its own motion or on the motion of a party, after hearing, may make such orders as are just, including orders provided in Article 1471 (2), (3), and (4). In lieu of or in addition to any other sanction, the court may require the party or the attorney representing the party or both to pay the reasonable expenses incurred by noncompliance with this Paragraph, including attorney fees.

D. If a suit has been pending for more than one year since the date of filing of the original petition and no trial date has been assigned, upon motion of any party, the court shall set the matter for conference for the purpose of resolving all matters subject to the provisions of this Article, including the scheduling of discovery, assignment for trial, and any other matters that will expedite the resolution of the suit. The conference may be conducted in chambers, by telephone, or by video teleconference.

4

"The discretion for adherence to a pretrial order is based on prevention of injustice by surprisingly having to litigate an issue while unprepared." *Richard v. Quality Const. and Prod., LLC*, 18-965, p. 4 (La.App. 3 Cir. 6/5/19), 275 So.3d 328, 333, *writ denied* 19-1101 (La. 10/8/19), 280 So.3d 591. "While pre-trial orders assist the trial court in the orderly management of its cases, La.C.C.P. Art. 1551 does not authorize severe limitation of a party's rights for the technical, though justifiable, violation of a pre-trial order." *Neff v. Rose*, 546 So.2d 480, 483 (La.App 4 Cir.), *writ denied*, 551 So.2d 1322 (La.1989). Although "a trial judge has great discretion in deciding whether to receive or refuse the testimony objected to on the grounds of failure to abide by the rules," any doubt must be resolved in favor of receiving the information. *Curry v. Johnson*, 590 So.2d 1213, 1216 (La.App. 1 Cir.1991).

In *Griffin v. Tenneco Oil Co.*, 625 So.2d 1090 (La.App. 4 Cir.1993), *writ denied*, 93-2710 (La. 1/7/94), 631 So.2d 449, an oil company's witness was properly allowed to testify as an expert, even though he was not designated as expert on the pretrial order. The ruling of our sister court was based on the lack of ambush or surprise on the opposing party because it knew the witnesses' position, knowledge, and expertise prior to trial.

In the case before us, Said designated some physicians as "treating physicians/experts," but only listed others as "treating physicians." Despite the differing designations, allowing these treating physicians to testify as experts would not have ambushed, surprised, or in any way caught defendants unprepared. Contrarily, defendants argue that allowing these physicians to testify as experts would have been cumulative as their testimony was the same as other experts testifying in the case. Thus, defendants had knowledge of what the treating physicians' expert testimony would entail and were prepared for that testimony given the alleged cumulative nature. These physicians appeared on the witness list,

5

were deposed by defendants, and defendants knew the physicians' positions, knowledge, and expertise prior to the trial. Given that no manifest injustice would befall defendants were these treating physicians allowed to testify as experts plus the mandate that any doubt as to testimony being proper being resolved in favor of hearing it, we find that the trial court abused its discretion in denying those treating physicians to testify as experts. Thus, we find the trial court erred in limiting the testimony of Said's treating physicians.

However, erroneous exclusion of evidence does not always constitute reversible error.

> Error has been defined as harmless when it is "trivial, formal, merely academic, and not prejudicial to the substantial rights of the party assigning it, and where it in no way affects the final outcome of the case." 5 Am.Jur.2d, Appeal and Error § 776 (1962) (citing *State v. Britton*, 27 Wash.2d 336, 341, 178 P.2d 341, 344 (1947)); *Eastburn v. Ford Motor Co.*, 471 F.2d 21, 22-23 (5th Cir.1972) (applying Florida law). By contrast, prejudicial error "affects the final result of the case and works adversely to a substantial right of the party assigning it." 5 Am.Jur.2d, Appeal and Error § 776 (1962); *see also* 5A C.J.S. § 1676 (1958). Moreover, error is prejudicial when it consists of the exclusion of evidence related to a "material point in issue" and adversely affects the substantial rights of the party opposed to the exclusion. 5 Am.Jur.2d, Appeal and Error § 776 (1962).

*Buckbee v. United Gas Pipe Line Co. Inc.*, 561 So.2d 76, 85, (La.1990).

Here, while it is possible that the jury could have found the expert testimony of Said's local treating physicians more credible than that of his treating physicians in Washington, D. C., we cannot say that exclusion of the testimony affected the final result of the case or adversely impacted Said's substantial rights. Said was able to present the information and opinions that these local treating physicians were to give through a different conduit, his Washington, D. C. treating physicians. Therefore, the jury was aware of the existence of expert medical opinion that Said's brain injury was related to the accident and did not find, as fact, that this allegation

had merit. Accordingly, alone, this error by the trial court limiting the local treating physician's testimony does not constitute reversible error.

**ASSIGNMENT OF ERROR NUMBER TWO:**

Next, Said contends that the trial court abused its discretion, and violated the collateral source rule, in admitting evidence that he was on disability from the VA. We find no merit to this contention.

"On appeal, a trial court's admission or exclusion of evidence is subject to an abuse of discretion review. 'The trial court is accorded vast discretion' concerning the admission of evidence, and its decision will not be reversed on appeal absent an abuse of that discretion." *Libersat v. J & K Trucking, Inc.*, 00-192, p. 11 (La.App. 3 Cir. 10/11/00), 772 So.2d 173, 179, (quoting *O'Neill v. Thibodeaux*, 97-1065 (La.App. 3 Cir. 3/6/98), 709 So.2d 962) *writ denied*, 98-0741 (La.5/1/98); 718 So.2d 416, *writ denied*, 01-458 (La. 4/12/01), 789 So.2d 598.

"Under the collateral source rule, a tortfeasor may not benefit, and an injured plaintiff's tort recovery may not be reduced, because of monies received by the plaintiff from sources independent of the tortfeasor's procuration or contribution." *Bozeman v. State*, 03-1016, p. 9 (La. 7/2/04), 879 So.2d 692, 698 (quoting *La. Dep't of Transp. & Dev. v. Kansas City S. Ry.*, 02-2349 (La.5/20/03), 846 So.2d 734, 739). "From an evidentiary perspective, the rule bars the introduction of evidence that a plaintiff has received benefits or payments from a collateral source independent of the tortfeasor's procuration or contribution." *Id.* at 699. Medical care received from the Veteran's Administration (VA) is a collateral source. *Id.* at 698 (citing *Fullilove v. U.S. Cas. Co. of N.Y.*, 129 So.2d 816 (La.App. 2 Cir.1961)).

Here, Said asserts the trial court abused its discretion in denying his motion in limine to exclude his VA disability status as a collateral source. The trial court ruled that his disability status was admissible, but that all amounts paid by the VA to Said

were not admissible. Said argues that this finding is in error because the jury's knowledge of his disability status with the VA implied that he was already being compensated and treated for his injuries.

The trial court properly adhered to the collateral source rule by excluding any evidence regarding the amount received from the VA by Said. Further, we find no evidence that Said's status as disabled by the VA was a source tending to reduce his recovery. Contrarily, evidence that the VA labeled Said as disabled tends to show that Said was, in fact, injured, an element Said must prove at trial. Said's status as disabled in no way tends to prove or disprove that his injury was a result of the accident, nor does it tend to show the extent of Said's alleged injury. Therefore, any prejudice against Said from the jury's knowledge of his disabled status is minimal versus the status helping Said prove an element of his case. Accordingly, we find no abuse of discretion by the trial court in allowing Said's disability status with the VA to be admitted at trial.

## ASSIGNMENT OF ERROR NUMBER THREE:

Third, Said asserts that the trial court legally erred in issuing erroneous and conflicting jury instructions on the weight of the testimony of the treating physicians. This assertion lacks merit.

Generally, a court of appeal reviews a jury's finding of fact under a manifest error standard of review. *Stobart v. State through Dep't of Transp. & Dev.*, 617 So.2d 880 (La.1993). However, "[w]hen a jury is given incorrect instructions in the law, or when a trial court makes a consequential error in the exclusion of evidence, no weight should be accorded the judgment of the trial court which implements the jury verdict." *McLean v. Hunter*, 495 So.2d 1298, 1304 (La.1986).

> [W]hen a trial court applies incorrect legal principles and these errors materially affect the outcome of a case and deprive a party of substantial rights, legal error occurs. *Evans v. Lungrin*, 97-541, 97-577

(La. 2/6/98), 708 So.2d 731. "[W]here one or more trial court legal errors interdict the fact-finding process, the manifest error standard is no longer applicable, and, if the record is otherwise complete, the appellate court should make its own independent *de novo* review of the record and determine a preponderance of the evidence." *Id.* at 735.

*Joubert v. Joubert*, 19-349, p. 3 (La.App 3 Cir. 11/13/19), 285 So.3d 7, 11.

"An appellate court must exercise great restraint before overturning a jury verdict on the suggestion that the instructions were so erroneous as to be prejudicial." *Boutee v. Nissan Motor Corp.*, 94-1470, p. 9 (La.App. 3 Cir. 9/13/95), 663 So.2d 154, 160 (citing *Aetna Life & Cas. Co. v. AMI-Elec. & Hoist Serv.*, 93-1291 (La.App. 3 Cir. 5/4/94), 637 So.2d 173). "Ultimately, the pertinent inquiry is whether the jury was misled to such an extent as to be prevented from doing justice." *Iorio v. Grossie*, 94-846, p. 3 (La.App. 3 Cir. 10/4/95), 663 So.2d 366, 369.

Here, Said argues that the trial court erred by giving erroneous and conflicting jury instructions on the weight of treating physician testimony. Near the beginning of the trial, the court advised the jury that instructions on the law would be given at the end of the trial and that part of a jury's duty is to weigh each witnesses' testimony, whether they are lay person, a doctor that's a treating physician or an expert. Later, when giving the jury closing instructions, the trial judge advised the jury that "in general the observations and opinion of the testimony of a treating physician are accorded greater weight than that of a physician who has only seen the party for the purposes of rendering expert opinion concerning the party's condition."

When considering the instructions as a whole, we find that the trial court's instructions were not so erroneous as to be prejudicial or mislead the jury. While the trial judge did not initially provide the "greater weight" instruction, it did do so before the jury retired for deliberations. Doing so provided the jury with the correct principle of law to apply to the issues presented.

Further, the jury was not misled by the trial judge's initial statements on the weight to give to witnesses. Jurors, as the trier of fact, are required to weigh the testimony of all witnesses. It is not prejudicial or misleading to inform the jury that part of its general duty to weigh witness testimony at the outset of the trial. Further, any confusion that the trial judge's initial statements may have created would have been subsequently cured when the more specific "greater weight" directive was provided in the closing instructions. Consequently, we find no manifest error by the trial court in providing conflicting or erroneous jury instructions.

**ASSIGNMENT OF ERROR NUMBER FOUR:**

Finally, Said argues that the jury committed manifest error in failing to award his full past medical expenses as shown by his medical bills. We find no merit to this argument.

"An appellate court reviews an award of special damages pursuant to the manifest error standard of review." *Cormier v. Colston*, 05-507, p. 9 (La. App. 3 Cir. 12/30/05), 918 So.2d 541, 547-48. "Medical expenses are a component of special damages." *Id.* "Because the discretion vested in the trier of fact is so great, and even vast, an appellate court should rarely disturb an award on review." *Guillory v. Lee*, 09-75, p. 14 (La. 6/26/09), 16 So.3d 1104, 1117 (citing *Youn v. Maritime Overseas Corp., et al.*, 623 So.2d 1257 (La.1993)).

"Under Louisiana law, a plaintiff may be awarded past medical expenses incurred as a result of an injury." *Stiltner v. Nat'l Union Fire Ins. Co.*, 00-2230 (La. App. 4 Cir. 10/3/01), 798 So.2d 1132, 1138. The plaintiff bears the burden of proving special damages by a preponderance of the evidence. *Iwamoto v. Wilcox*, 04-1592 (La.App. 3 Cir. 4/6/05), 900 So.2d 1047. "[W]hen a plaintiff alleges that he or she has incurred medical expenses and presents a bill to support that allegation, that evidence is sufficient to support an award for past medical expenses, unless there is

10

sufficient contradictory evidence or reasonable suspicion that the bill is unrelated to the accident." *Stiltner*, 798 So.2d at 1138.

"An appellate court, in reviewing a jury's factual conclusions with regard to special damages, must satisfy a two-step process based on the record as a whole: *there must be no reasonable factual basis for the trial court's conclusion, and the finding must be clearly wrong*." *Menard v. Lafayette Ins. Co.*, 09-1869, p. 14 (La. 3/16/10), 31 So.3d 996, 1007 citing *Kaiser v. Hardin*, 06-2092 (La. 4/11/07), 953 So.2d 802; *Guillory v. Ins. Co. of North Am.*, 96-1084 (La.4/8/97), 692 So.2d 1029). "The issue to be resolved on review is not whether the jury was right or wrong, but whether the jury's fact finding conclusion was a reasonable one." *Id.*

Said contends that the jury was manifestly erroneous in failing to award him the entirety of his past medical expenses entered into evidence. Mr. Said submitted $83,284.00 of medical bills into evidence and alleged that he incurred all of them due to the accident. The jury awarded Said $12,428.00 for past medical expenses.

Said argues that there is no evidence that he incurred all of the submitted bills for any reason unrelated to the accident, and, as such, the jury erred in failing to award him for all of his medical bills. He supports his argument with the recognized tenet that tortfeasors are required to pay the expenses of over treatment or unnecessary medical treatment unless the treatment was incurred in bad faith. *Jones v. Progressive Sec. Ins. Co.*, 16-463 (La.App. 3 Cir. 12/29/16), 209 So.3d 912.

While Said is correct that, absent bad faith, a jury errs if it fails to award the full amount of medical expenses submitted, the plaintiff must first prove that those medical bills were incurred as a result of the accident. Said's argument neglects this prerequisite and skips to a proclamation that defendants failed to prove bad faith on his part. Defendants only have this burden when a submitted medical bill was for treatment of an injury causally connected to the accident.

11

Here, the jury's award of $12,428.00 for medical bills aligns with its award to Said for personal injury damages. The jury, in performance of its fact finder duty, seemingly found that Said failed to carry his burden to prove that all his alleged injuries, most notably his brain injury, were causally connected to the accident. Thus, the question on review of this assigned error is whether the jury was manifestly erroneous in reaching this conclusion.

After reviewing the record, we find that the jury had a reasonable factual basis to find that Said failed to prove that his brain injury was causally connected to the accident and, as such, to limit Said's award for medical bills as it did. There is evidence in the record Said suffered from dizziness and being off-balance on several occasions prior to the accident. Further, Said was not diagnosed with a traumatic brain injury until about two years after the accident after first undergoing an MRI that showed no such injury. Additionally, the jury was presented with conflicting expert evidence on the causation of of his symptoms. Finally, the jury was aware that Said, after the accident, exhibited academic prowess in obtaining advanced college degrees. This evidence sufficiently supports the jury's findings related to what injuries were related to the accident, the extent of those injuries, and the amount it awarded Said in medical bills. Therefore, we find no manifest error in the jury's award for medical bills.

**CONCLUSION:**

Mohab Said raises four assignments of error in this matter against Beauregard Electric Cooperative and its insurer, Federated Rural Electric Exchange. We find error by the trial court in disallowing expert testimony from Mohab Said's local treating physicians based solely on a differing designation in the pretrial order. However, we do not find this error, alone, constitutes reversible error. We find no

merit to Mohab's remaining three assignments of error.  Costs of this appeal are assessed to Mohab Said.

**AFFIRMED.**

13